IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


IBRAHEEM ALI,

                              Petitioner,

          v.                              CASE NO. 11-3193-SAC

RAY ROBERTS, et al.,

                              Respondents.

IBRAHEEM ALI,

                              Petitioner,

          v.                              CASE NO.11-3199-SAC

RAY ROBERTS, et al.,

                              Respondents.



                         O R D E R

     Before the court are two captioned cases submitted pro se by a
prisoner incarcerated in a Kansas correctional facility.  Because
identical documents have been submitted in each case, the court
consolidates the two cases on its own motion.[1]

     Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 on
allegations concerning his Douglas County conviction on 1998 charges
involving the robbing of a Village Inn and Home Depot.  Court
records reflect that petitioner filed two previous § 2254 petitions
regarding this same conviction.  The court dismissed the second
petition as time barred, finding no showing had been made to warrant
equitable tolling of the 28 U.S.C. § 2244(d)(1) limitations period.
See Ali v. Roberts, Case No. 08-3225-SAC (dismissed as time barred,
May 20, 2009), appeal dismissed (10th Cir., August 4, 2009).

_____

     [1]It appears that one week after submitting his petition in 11-
3193-SAC without the $5.00 district court filing fee, 11-3199-SAC
was opened as a new case when petitioner resubmitted the same
petition with his payment of the district court filing fee.

In the instant action, petitioner again seeks relief on a similar claim that a credible alibi witness known to the State, and not pursued by defense counsel, could have established petitioner's actual innocence.  This time, petitioner relies on a 2010 Supreme Court decision, *Holland v. Florida*, 130 S.Ct. 2549 (2010), as support for arguing he is entitled to equitable tolling of the § 2244(d)(1) limitations period.

Before a state prisoner may file a second or successive § 2254 petition, the prisoner must seek and obtain authorization from the appropriate court of appeals for the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  Because petitioner has not done so, the court finds the instant petition is an unauthorized second or successive petition.  *See Johnson v. Workman*, 2011 WL 5221249 (10th Cir., Nov. 1, 2011)("The dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive.") (unpublished)(citing cases).

"A district court does not have jurisdiction to address the merits of a second or successive ... § 2254 claim until [the appropriate circuit court] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir.2008).  Dismissal of the petition is thus appropriate unless the court finds transfer of the petition to the circuit court would be in the interest of justice. *Id*. at 1252.

In *Holland*, the Supreme Court recognized that attorney error and abandonment, in the face of persistent efforts by the petitioner, might be sufficient to establish egregious circumstances warranting equitable tolling of the § 2244(d)(1) limitations period,

and found it necessary to remand the matter to the court of appeals to determine whether the facts "constitute[d] extraordinary circumstances sufficient to warrant equitable relief." *Holland*, 130 S.Ct. at 2565.  Finding no legal authority that *Holland* might provide any foundation for the circuit court to authorize petitioner's filing of his second or successive petition in this court,[2] the court concludes transfer of the consolidated petition to the circuit court would not serve the interests of justice.

IT IS THEREFORE ORDERED that the two cases captioned herein are consolidated by the court, and that the consolidated petition is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 20th day of December 2011 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] *See* 28 U.S.C. § 2244(b)(2) which directs that:
"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense."